UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BLUE FORCE GEAR, INC., a Georgia
Corporation,

   Plaintiff,

v.

CONCEALED CARRIER, LLC d/b/a
TACTICON ARMAMENT, a California
Limited Liability Company, and JACOB
DINES, Individually,

   Defendants.
_____/

Case No. 4:23-cv-00055-WTM-CLR

## ANSWER AND COUNTERCLAIMS

Defendants Concealed Carrier LLC d/b/a Tacticon Armament ("Tacticon Armament") and Jacob Dines ("Mr. Dines") (collectively with Tacticon Armament, "Tacticon" or "Defendants") through their undersigned counsel, answer and sets forth affirmative defenses and counterclaims to Plaintiff Blue Force Gear, Inc.'s ("BFG") Complaint as follows. Tacticon denies each allegation in the Complaint unless expressly admitted.

## NATURE OF THE ACTION

1. Tacticon admits that BFG's Complaint purports to set forth claims relating to BFG's alleged trademark rights, but denies Tacticon made any unlawful use or misappropriation of any trademark allegedly owned by BFG. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore denies them.

2. Tacticon admits that BFG's complaint purports to seek monetary and equitable relief, costs, expenses, and attorneys' fees but denies that BFG is entitled to any such relief or any other forms of relief.

## PARTIES

3. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4. Tacticon admits the allegations in Paragraph 4.

5. Mr. Dines denies that he is a resident of Rancho Cordova, California but admits the remaining allegations in Paragraph 5.

## SUBJECT MATTER JURISDICTION

6. Tacticon admits that the Court has subject matter jurisdiction over the claims in this action but denies that it infringed or otherwise violated any rights owned by BFG.

7. Tacticon admits that the Court has supplemental jurisdiction over the state law claims in the Complaint but denies that it infringed or violated any rights owned by BFG.

8. Tacticon admits that BFG seeks costs and attorneys' fees pursuant to 28 U.S.C. § 1117(a) [*sic*] and Rule 54 of the Federal Rules of Civil Procedure but denies that it is entitled to either. To the contrary, Defendants are entitled under 15 U.S.C. § 1117 to be awarded their reasonable attorneys' fees incurred in this action.

## PERSONAL JURISDICTION

9. Tacticon denies the allegations in Paragraph 9 but consents to personal jurisdiction in this case as to Tacticon Armament and Mr. Dines.

10. Tacticon denies the allegations in Paragraph 10 but consents to personal jurisdiction in this case as to Tacticon Armament and Mr. Dines.

## VENUE

11.     Tacticon admits that venue is proper but denies that it took part in any act, omission, or event that infringed or violated any rights owned by BFG.

12.     Tacticon denies that this is a recitation of Georgia's long-arm statute but admits that venue is proper.

## FACTS

13.     Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.     Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.     Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

16.     Tacticon admits that Trademark Registration No. 5,797,066 depicts an image that appears to match the image shown in Paragraph 16 and is a registration for "all-purpose carrying bags for first-aid kits" in International Class 18 that issued on July 9, 2019. However, as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

17.     Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Tacticon admits that it markets and/or sells a variety of tactical products and has sold first-aid kits and trauma related accessories, but denies that Exhibit B depicts the image shown

in Paragraph 19 and thus is without sufficient information to form a belief as to if it has sold the product shown in Paragraph 19. On that basis, Tacticon denies that it has sold the product depicted in Paragraph 19 and denies the remaining allegations in this Paragraph.

20. Tacticon denies the allegations in Paragraph 20.

21. Tacticon admits that it sells products through its website and other e-commerce platforms, including Amazon.com, but denies that it has ever sold a product that infringes any trademark owned by BFG.

22. Tacticon admits that BFG sent it a letter on or about September 25, 2022 and states that the letter speaks for itself.

23. Tacticon admits that BFG filed a lawsuit after the parties attempted to find an amicable resolution to their dispute but denies the remaining allegations in Paragraph 23.

24. Tacticon denies that it has ever sold a product that infringes any trademark owned by BFG and thus denies all allegations in Paragraph 24.

25. Tacticon denies that it has ever sold a product that infringes any trademark owned by BFG and thus denies all allegations in Paragraph 25.

26. Tacticon denies the allegations in Paragraph 26 to the extent they insinuate that Tacticon was required to seek permission, approval, or a license to sell any of its products, as it has never sold any product that infringes any trademark owned by BFG. Tacticon admits it is not affiliated or associated with BFG and has never sought permission, approval, or a license from BFG.

27. Tacticon denies the allegations in Paragraph 27.

## COUNT I

## VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114: TRADEMARK INFRINGEMENT

28. Tacticon incorporates and realleges its responses to Paragraphs 1 through 27 above as if fully set forth herein.

29. Tacticon denies the allegations in Paragraph 29.

30. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

31. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Tacticon denies the allegations in Paragraph 32. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

33. Tacticon denies the allegations in Paragraph 33.

34. Tacticon denies the allegations in Paragraph 34.

35. Tacticon denies the allegations in Paragraph 35. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

36. Tacticon denies the allegations in Paragraph 36.

37. Tacticon denies the allegations in Paragraph 37.

38. Tacticon denies the allegations in Paragraph 38.

39. Tacticon denies the allegations in Paragraph 39.

40. Tacticon denies the allegations in Paragraph 40.

41. Tacticon denies the allegations in Paragraph 41.

## COUNT II

## VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

42. Tacticon incorporates and realleges its responses to Paragraphs 1 through 41 above as if fully set forth herein.

43. Tacticon denies the allegations in Paragraph 43.

44. Tacticon denies the allegations in Paragraph 44.

45. Tacticon denies the allegations in Paragraph 45.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46. Tacticon incorporates and realleges its responses to Paragraphs 1 through 45 above as if fully set forth herein.

47. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

48. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. Tacticon denies the allegations in Paragraph 49.

50. Tacticon denies the allegations in Paragraph 50 to the extent they insinuate that Tacticon was required to seek a license, authorization, sponsorship, endorsement, permission, or approval from BFG to sell any of its products, as it has never sold any product that infringes any trademark owned by BFG. Tacticon admits that it is not associated with BFG and has never sought a license, authorization, sponsorship, endorsement, permission, or approval from BFG.

51. Tacticon denies the allegations in Paragraph 51.

52. Tacticon denies the allegations in Paragraph 52. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

53. Tacticon denies the allegations in Paragraph 53.

54. Tacticon denies the allegations in Paragraph 54.

55. Tacticon denies the allegations in Paragraph 55.

## COUNT IV

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

56. Tacticon incorporates and realleges its responses to Paragraphs 1 through 55 above as if fully set forth herein.

57. Tacticon denies that BFG's purported trademark is entitled to protection under federal or common law. Tacticon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies them. Further and as explained in Tacticon's counterclaims, BFG's registration is subject to cancellation and should be cancelled.

58. Tacticon denies the allegations in Paragraph 58.

59. Tacticon denies the allegations in Paragraph 59.

60. Tacticon denies the allegations in Paragraph 60.

61. Tacticon denies the allegations in Paragraph 61.

62. Tacticon denies the allegations in Paragraph 62.

## COUNT V

## ACCOUNTING

63. Tacticon incorporates and realleges its responses to Paragraphs 1 through 62 above as if fully set forth herein.

64. Tacticon denies the allegations in Paragraph 64.

**PRAYER FOR RELIEF**

Tacticon denies that BFG is entitled to any of the relief enumerated in its Complaint. Tacticon further states that because BFG's positions in this dispute are so unreasonable and bereft of factual support, this case constitutes an exceptional case under 15 U.S.C. § 1117 such that Defendants should be awarded their reasonable attorneys' fees upon prevailing.

**AFFIRMATIVE DEFENSES**

Tacticon asserts the following affirmative defenses and reserves the right to assert additional defenses if or when appropriate, including without limitation based on information disclosed in this litigation. In asserting these defenses, Tacticon does not assume the burden of proof for any issue with respect to which the relevant law places the burden of proof on BFG.

**First Affirmative Defense: Failure to Mitigate**

BFG's damages, if any, must be reduced as a result of its failure to mitigate damages. On information and belief, BFG delayed in contacting Tacticon regarding its allegedly infringing sales. BFG further failed to communicate or negotiate with Tacticon in good faith after Tacticon voluntarily and out of an abundance of caution ceased sales of the products at issue.

**Second Affirmative Defense: Unclean Hands**

BFG's claims are barred in whole or in part based on the doctrine of unclean hands. On information and belief, BFG knew its mark was merely descriptive, generic, and/or used as mere decoration, but nonetheless sought to register that mark and assert it against Tacticon. Moreover, BFG failed to communicate or negotiate with Tacticon in good faith even after Tacticon voluntarily and out of an abundance of caution ceased sales of the products at issue.

**COUNTERCLAIM**

1. Counterclaimants Concealed Carrier, LLC d/b/a Tacticon Armament ("Tacticon Armament") and Jacob Dines ("Mr. Dines") (collectively with Tacticon Armament, "Tacticon")

believe they will be damaged by the continued registration of the mark shown in Registration No. 5,797,066, registered in International Class 18 for "all-purpose carrying bags for first aid kits."

2. Based on Counterclaim-Defendant Blue Force Gear, Inc.'s ("BFG") assertion of its mark as depicted in Registration No. 5,797,066 (the "Purported Mark") against Tacticon, Tacticon has standing to bring this Counterclaim and will be damaged by the continued registration of the Purported Mark.

## PARTIES

3. Counterclaimant Concealed Carrier, LLC d/b/a Tacticon Armament is a California Limited Liability Company with its principal place of business at 11315 Sunrise Gold Cir., Suite F, Rancho Cordova, California 95742.

4. Counterclaimant Jacob Dines is an individual residing in Rancho Cordova, California, and is the owner of Tacticon Armament.

5. Upon information and belief, Counterclaim-Defendant Blue Force Gear, Inc. is a Georgia corporation with its principal place of business at 166 Pine Barren Rd., Pooler, Georgia 31322.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121.

7. This Court has personal jurisdiction over BFG because it is incorporated in Georgia and has its principal place of business in Georgia and filed a lawsuit before this Court.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because BFG filed this lawsuit before this Court and a substantial part of the acts or omissions giving rise to Tacticon's counterclaims occurred in this District.

**FACTUAL BACKGROUND**

9. On April 11, 2018, BFG filed Application Ser. No. 87/871,670 (the "Application") to register the cross shown below with the United States Patent and Trademark Office ("USPTO") pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a) for "all-purpose carrying bags for first aid kits" (BFG's Goods") in International Class 18:



10. On August 10, 2018, the USPTO issued an Office Action denying registration because the applied for mark was "not in lawful use in commerce" and "falsely suggest[ed] connection with the American Red Cross" because of the applied-for mark's similar appearance to the Red Cross emblem.

11. In response to the Office Action, BFG amended its specimen to an image showing the mark in a color other than red and swore not to use its Purported Mark in red and not to claim color as a feature of the Purported Mark. Registration issued on July 9, 2019, Reg. No. 5,797,066 (the "Registration").

12. BFG's Purported Mark serves no source-identifying function, lacks secondary meaning, is merely descriptive, is generic, and/or is merely onnamental and decorative, as shown in the amended specimen below:



13. Below are additional images taken from BFG's website, https://www.blueforcegear.com/trauma-kits.html, showing its Purported Mark on products. On all of its products, the Purported Mark fails to serve a source identifying function:



14. Crosses like the one that constitutes BFG's Purported Mark have been used by third parties for decades to signify medical and first-aid products, equipment, bags, and kits. As such, consumers do not associate the Purported Mark uniquely or exclusively with BFG, but rather view crosses like the Purported Mark as symbols of the medical or first-aid nature of the goods on to which the crosses are featured.

15. As such, the Purported Mark fails to function as a trademark because it is generic, or at best, merely descriptive of BFG's Goods, which consist of first aid and trauma kits and the

bags and cases for carrying the same. Alternatively, the Purported Mark is merely ornamental and serves no source-identifying function.

16. BFG's Purported Mark further has not acquired secondary meaning because, on information and belief, BFG has made no meaningful investment in the promotion or marketing of its Purported Mark to cultivate any secondary meaning in the Purported Mark among consumers. Thus, consumers do not associate the Purported Mark exclusively with BFG.

17. Despite BFG's lack of rights in its Purported Mark, BFG brought this action against Tacticon, citing its registration for the Purported Mark as a basis for its trademark infringement claims against Tacticon. Given BFG's assertion of its rights in Reg. No. 5,797,066, Tacticon has standing to assert this Counterclaim.

## FIRST CLAIM FOR RELIEF

### Cancellation of Registration No. 5,797,066 Due to Generic Nature of BFG's Purported Mark

18. Tacticon repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them herein by reference.

19. The Registration should be cancelled because BFG's Purported Mark is generic, and thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

20. BFG's Purported Mark consists of a cross, which is a generic symbol connoting medical and first-aid qualities for goods and services for, or in connection with which, such a cross is used.

21. Consumers therefore do not perceive the Purported Mark to symbolize BFG and do not associate the Purported Mark with BFG exclusively.

22. Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its

trademark infringement claims in an attempt to disrupt and harm Tacticon's business.

23. Maintenance of the Registration is thus contrary to law and public interest, and Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119 and 15 U.S.C. § 1064(3) on the ground that the Purported Mark fails to function as a trademark because it is generic.

## SECOND CLAIM FOR RELIEF

### Cancellation of Registration No. 5,797,066 Due to Merely Descriptive Nature of BFG's Purported Mark Without Secondary Meaning

24. Tacticon repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them herein by reference.

25. The Registration should be cancelled because even if BFG's Purported Mark is not generic, it is merely descriptive of BFG's Goods and lacks secondary meaning. It thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

26. BFG's Purported Mark merely consists of a cross, which is descriptive of medical and first-aid goods.

27. On information and belief, BFG has not sufficiently invested in advertising or marketing its Purported Mark or goods featuring that mark. It further has not invested in advertising or marketing that would cause consumers to associate the medical or first-aid cross uniquely or exclusively with BFG. Thus the U.S. consuming public has not come to identify that mark exclusively with BFG, its Goods, or a single source.

28. Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its trademark infringement claims in an attempt to disrupt and harm Tacticon's business.

29. Maintenance of the Registration is thus contrary to law and the public interest, and

Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119 on the ground that the Purported Mark fails to function as a trademark because it is merely descriptive without secondary meaning.

### THIRD CLAIM FOR RELIEF

**Cancellation of Registration No. 5,797,066 Due to Merely Ornamental Nature of BFG's Purported Mark**

30. Tacticon repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them herein by reference.

31. The Registration should be cancelled because BFG's Purported Mark is merely ornamental as used on BFG's Goods and thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

32. BFG's Purported Mark is nothing more than a decorative feature on any of BFG Goods that use or have used the Purported Mark.

33. On information and belief, BFG has not sufficiently invested in advertising or marketing its Purported Mark or goods featuring that mark, and thus the U.S. public has not come to identify that mark with BFG, its Goods, or a single source.

34. Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its trademark infringement claims in an attempt to disrupt Tacticon's business.

35. Maintenance of the Registration is thus contrary to law and to the public interest, and Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119 on the ground that the Purported Mark is merely ornamental and lacks secondary meaning.

**PRAYER FOR RELIEF**

Tacticon respectfully requests that the Court:

a. Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been generic and does not function as a trademark;

b. Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been descriptive without secondary meaning and does not function as a trademark;

c. Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been used in a merely ornamental fashion and does not function as a trademark;

d. Dismiss the Complaint in its entirety, with prejudice, and enter judgment in Tacticon's favor;

e. Award Tacticon its costs and expenses incurred herein;

f. Deem Tacticon to be the prevailing party and award Tacticon its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

g. Award any other or further relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Tacticon respectfully demands a jury trial on all claims and issues so triable.

DATED:  May 19, 2023	Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLC

By: /s/ *Mark H. Reeves*
Mark H. Reeves (GA Bar No. 141847)
KILPATRICK TOWNSEND & STOCKTON LLP
Enterprise Mill
1450 Greene Street, Suite 230
Augusta, Georgia 30901
Telephone: (706) 724-2622

Charles H. Hooker III (GA Bar No. 375622)
   (*pro hac vice* application forthcoming)
Bethany R. Nelson (GA Bar No. 748279)
   (*pro hac vice* application forthcoming)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing <u>Answer</u> has been furnished electronically on May 19, 2023 with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: <u>*/s/ Amber Gracey*</u>