**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

BLUE FORCE GEAR, INC., a Georgia
Corporation,

Plaintiff,                                          Case No. <u>4:23-cv-00055-WTM-CLR</u>

      v.

CONCEALED CARRIER, LLC d/b/a
TACTICON ARMAMENT, a California
Limited Liability Company, and JACOB
DINES, Individually,

Defendants.

_____/

<u>**PLAINTIFF'S ANSWERS AND AFFIRMATIVE DEFENSES TO DEFENDANTS'**</u>
<u>**COUNTERCLAIMS**</u>

      The Plaintiff/Counterclaim Defendant Blue Force Gear, Inc.'s (hereinafter "BFG" or

"Plaintiff") respectfully submits to the Court their following Answers and Affirmative Defenses to

the Counterclaims filed by the Defendants Concealed Carrier LLC d/b/a Tacticon Armament

("Tacticon Armament") and Jacob Dines ("Mr. Dines") (collectively with Tacticon Armament,

"Tacticon" or "Defendants"), and admitting only so much as is expressly admitted herein, plead as

follows:

<u>**COUNTERCLAIM**</u>

      1.      Counterclaimants Concealed Carrier, LLC d/b/a Tacticon Armament ("Tacticon

Armament") and Jacob Dines ("Mr. Dines") (collectively with Tacticon Armament, "Tacticon")

believe they will be damaged by the continued registration of the mark shown in Registration No.

5,797,066, registered in International Class 18 for "all-purpose carrying bags for first aid kits."

Answer:      Denied as to damage.  BFG is without sufficient information as to the beliefs of

Tacticon.

2.      Based on Counterclaim-Defendant Blue Force Gear, Inc.'s ("BFG") assertion of its mark as depicted in Registration No. 5,797,066 (the "Purported Mark") against Tacticon, Tacticon has standing to bring this Counterclaim and will be damaged by the continued registration of the Purported Mark.

Answer:      Admitted as to standing.  Denied as to damage.

## PARTIES

3.      Counterclaimant Concealed Carrier, LLC d/b/a Tacticon Armament is a California Limited Liability Company with its principal place of business at 11315 Sunrise Gold Cir., Suite F, Rancho Cordova, California 95742.

Answer:      Admitted.

4.      Counterclaimant Jacob Dines is an individual residing in Rancho Cordova, California, and is the owner of Tacticon Armament.

Answer:      Admitted.

5.      Upon information and belief, Counterclaim-Defendant Blue Force Gear, Inc. is a Georgia corporation with its principal place of business at 166 Pine Barren Rd., Pooler, Georgia 31322.

Answer:      Admitted.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121.

Answer:      Admitted.

7.      This Court has personal jurisdiction over BFG because it is incorporated in

2

Georgia and has its principal place of business in Georgia and filed a lawsuit before this Court.

Answer:        Admitted.

8.        Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because BFG filed this lawsuit before this Court and a substantial part of the acts or omissions giving rise to Tacticon's counterclaims occurred in this District.

Answer:        Admitted.

## **FACTUAL BACKGROUND**

9.        On April 11, 2018, BFG filed Application Ser. No. 87/871,670 (the "Application") to register the cross shown below with the United States Patent and Trademark Office ("USPTO") pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a) for "all-purpose carrying bags for first aid kits" (BFG's Goods") in International Class 18:



Answer:        Admitted.

10.        On August 10, 2018, the USPTO issued an Office Action denying registration because the applied for mark was "not in lawful use in commerce" and "falsely suggest[ed] connection with the American Red Cross" because of the applied-for mark's similar appearance to the Red Cross emblem.

Answer:        Admitted, that the August 10, 2018 office action stated the mark was "not in lawful use in commerce" and "falsely suggest[ed] connection with the American Red Cross". Denied that the Office Action stated the applied-for-mark had a similar appearance to that of the

Red Cross emblem.

11.     In response to the Office Action, BFG amended its specimen to an image showing the mark in a color other than red and swore not to use its Purported Mark in red and not to claim color as a feature of the Purported Mark. Registration issued on July 9, 2019, Reg. No. 5,797,066 (the "Registration").

Answer:        Admitted, that such an amendment was made without prejudice.

12.     BFG's Purported Mark serves no source-identifying function, lacks secondary meaning, is merely descriptive, is generic, and/or is merely ornamental and decorative, as shown in the amended specimen below:



Answer:        Denied.

13.     Below   are   additional   images   taken   from   BFG's   website, https://www.blueforcegear.com/trauma-kits.html, showing its Purported Mark on products. On all of its products, the Purported Mark fails to serve a source identifying function:



Answer:        Denied.

14.        Crosses like the one that constitutes BFG's Purported Mark have been used by third parties for decades to signify medical and first-aid products, equipment, bags, and kits. As such, consumers do not associate the Purported Mark uniquely or exclusively with BFG, but rather view crosses like the Purported Mark as symbols of the medical or first-aid nature of the goods on to which the crosses are featured.

Answer:        Denied.

15.        As such, the Purported Mark fails to function as a trademark because it is generic, or at best, merely descriptive of BFG's Goods, which consist of first aid and trauma kits and the bags and cases for carrying the same. Alternatively, the Purported Mark is merely ornamental and serves no source-identifying function.

Answer:        Denied.

16.        BFG's Purported Mark further has not acquired secondary meaning because, on information and belief, BFG has made no meaningful investment in the promotion or marketing of its Purported Mark to cultivate any secondary meaning in the Purported Mark among consumers. Thus, consumers do not associate the Purported Mark exclusively with BFG.

Answer:        Denied.

17.     Despite BFG's lack of rights in its Purported Mark, BFG brought this action against Tacticon, citing its registration for the Purported Mark as a basis for its trademark infringement claims against Tacticon. Given BFG's assertion of its rights in Reg. No. 5,797,066, Tacticon has standing to assert this Counterclaim.

Answer:      Denied.

## FIRST CLAIM FOR RELIEF

### Cancellation of Registration No. 5,797,066 Due to Generic Nature of BFG's Purported Mark

18.     Tacticon repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them herein by reference.

Answer:      No pleading is required to an incorporation paragraph.

19.     The Registration should be cancelled because BFG's Purported Mark is generic, and thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

Answer:      Denied.

20.     BFG's Purported Mark consists of a cross, which is a generic symbol connoting medical and first-aid qualities for goods and services for, or in connection with which, such a cross is used.

Answer:      Denied.

21.     Consumers therefore do not perceive the Purported Mark to symbolize BFG and do not associate the Purported Mark with BFG exclusively.

Answer:      Denied.

22.     Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its trademark infringement claims in an attempt to disrupt and harm Tacticon's business.

Answer:        Denied.

23.        Maintenance of the Registration is thus contrary to law and public interest, and

Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15

U.S.C. § 1119 and 15 U.S.C. § 1064(3) on the ground that the Purported Mark fails to function as

a trademark because it is generic.

Answer:        Denied.


## SECOND CLAIM FOR RELIEF

## Cancellation of Registration No. 5,797,066 Due to Merely Descriptive Nature of BFG's Purported Mark Without Secondary Meaning

24.        Tacticon repeats and realleges each and every allegation set forth in the

paragraphs above and incorporates them herein by reference.

Answer:        No pleading is required to an incorporation paragraph.

25.        The Registration should be cancelled because even if BFG's Purported Mark is

not generic, it is merely descriptive of BFG's Goods and lacks secondary meaning. It thus does

not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

Answer:        Denied.

26.        BFG's Purported Mark merely consists of a cross, which is descriptive of medical

and first-aid goods.

Answer:        Denied.

27.        On information and belief, BFG has not sufficiently invested in advertising or

marketing its Purported Mark or goods featuring that mark. It further has not invested in

advertising or marketing that would cause consumers to associate the medical or first-aid cross

uniquely or exclusively with BFG. Thus the U.S. consuming public has not come to identify that

mark exclusively with BFG, its Goods, or a single source.

Answer:        Denied.

28.        Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its trademark infringement claims in an attempt to disrupt and harm Tacticon's business.

Answer:        Denied.

29.        Maintenance of the Registration is thus contrary to law and the public interest, and Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119 on the ground that the Purported Mark fails to function as a trademark because it is merely descriptive without secondary meaning.

Answer:        Denied.


### THIRD CLAIM FOR RELIEF

### Cancellation of Registration No. 5,797,066 Due to Merely Ornamental Nature of BFG's Purported Mark

30.        Tacticon repeats and realleges each and every allegation set forth in the paragraphs above and incorporates them herein by reference.

Answer:        No pleading is required to an incorporation paragraph.

31.        The Registration should be cancelled because BFG's Purported Mark is merely ornamental as used on BFG's Goods and thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

Answer:        Denied.

32.        BFG's Purported Mark is nothing more than a decorative feature on any of BFG Goods that use or have used the Purported Mark.

Answer:        Denied.

33.        On information and belief, BFG has not sufficiently invested in advertising or

marketing its Purported Mark or goods featuring that mark, and thus the U.S. public has not come to identify that mark with BFG, its Goods, or a single source.

Answer:       Denied.

34.     Tacticon will be harmed by the continued registration of BFG's Purported Mark because BFG is asserting that registration against Tacticon in this case as a basis for its trademark infringement claims in an attempt to disrupt Tacticon's business.

Answer:       Denied.

35.     Maintenance of the Registration is thus contrary to law and to the public interest, and Tacticon requests that the Registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119 on the ground that the Purported Mark is merely ornamental and lacks secondary meaning.

Answer:       Denied.

## DEFENDANT'S PRAYER FOR RELIEF

Tacticon respectfully requests that the Court:

a.      Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been generic and does not function as a trademark;

b.      Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been descriptive without secondary meaning and does not function as a trademark;

c.      Enter an order cancelling U.S. Trademark Registration No. 5,797,066 pursuant to 15 U.S.C. § 1119 because BFG's Purported Mark is and has always been used in a merely ornamental fashion and does not function as a trademark;

d.      Dismiss the Complaint in its entirety, with prejudice, and enter judgment in

Tacticon's favor;

      e.      Award Tacticon its costs and expenses incurred herein;

      f.      Deem Tacticon to be the prevailing party and award Tacticon its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

      g.      Award any other or further relief the Court deems just and proper.

Answer:      Denied in whole. Denied that the Defendants have suffered any legally cognizable harm of any kind. Further denied that Defendants are entitled to any relief of any kind herein.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Plaintiff hereby asserts the following Affirmative Defenses to the purported claims in Defendants' Counterclaims. By pleading these affirmative defenses, the Plaintiff does not concede that it bears the burden of proof on any of these issues. Plaintiff reserves the right to add or to amend its defenses as additional information is developed through discovery or otherwise.

WHEREFORE, NOW COMES the Plaintiff, and asserts as and for its Affirmative Defenses, as follows:

1.      Defendants lack standing to bring this action, and particularly for any relief.

2.      The Counterclaims fail to state a claim upon which relief may be granted.

3.      The Counterclaims fail to state a cause of action that would satisfy federal pleading standards under the Iqbal and Twombly cases.

4.      The allegations of the Counterclaims are ambiguous.

5.      The claims asserted, and the relief sought in the Counterclaims, are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

6.      Defendants have suffered no compensable injury.

7.      Defendants have suffered no irreparable harm.

8.      Defendants come before the Court with unclean hands.

9.      Plaintiff reserves the right to assert any other defenses that may be available and/or that are subsequently discovered.

## JURY DEMAND

Plaintiff respectfully demands trial by jury on all issues so triable.

## PLAINTIFF'S FURTHER PRAYER FOR RELIEF

WHEREFORE, Plaintiff's respectfully prays for:

A.      A judgment against Defendants and in favor of BFG on all applicable counts;

B.      A judgment and order enjoining Defendants and Defendants' affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendants, during the pendency of this action and permanently thereafter from:

a.      Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the IFAK V1 Bag) under the '066 Trademark, any marks substantially indistinguishable therefrom, or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Defendants caused to enter the stream of commerce or any of Defendants' commercial activities are sponsored or licensed by BFG, are authorized by BFG, or are connected or affiliated in some way with BFG or the '066 Trademark;

b.      Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the IFAK V1 Bag) under the '066 Trademark, any marks substantially indistinguishable therefrom, and/or confusingly

similar marks;

c.      Implying BFG's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' products, services, or commercial activities, passing off Defendants' business as that of BFG, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with BFG and from otherwise interfering with or injuring the '066 Trademark or the goodwill associated therewith;

d.      Engaging in any act which is likely to dilute the distinctive quality of the '066 Trademark and/or injures BFG's business reputation;

e.      Representing or implying that Defendants are in any way sponsored by, currently affiliated with, or licensed by BFG; or

f.      Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs B(a) to (e) above.

C.      An award of Defendants' profits and the damages sustained by BFG because of Defendants' conduct in infringing the '066 Trademark;

D.      An award of Defendants' profits and the damages sustained by BFG because of Defendants' acts of unfair competition under 15 U.S.C. § 1125(a);

E.      An award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

F.      An order granting an award of treble or otherwise enhanced damages, as available, upon a finding that Defendants acted willfully in the conduct of its trademark infringement;

G.      An order granting an award of reasonable attorneys' fees and costs of suit as provided by 15 U.S.C. § 1117(a), 15 U.S.C. § 1117(b), and Rule 54 of the Federal Rules of Civil Procedure;

H.      An order that all Infringing Products and labels, signs, packaging, advertising materials, or other materials that promote the Infringing Products or that otherwise enable Defendants to engage in infringement activities as described herein be delivered to BFG or seized for destruction;

I.      An order granting BFG preliminary and permanent injunctive relief against further infringement of the '066 Trademark by Defendants;

J.      An order granting BFG preliminary and permanent injunctive relief against Defendants' unfair competition;

K.      An order that Defendants are to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief above;

L.      An order granting an award of BFG's costs, expenses, and reasonable attorney's fees, to the extent not awarded above;

M.      An order granting an award of BFG's statutory damages pursuant to 15 U.S.C. § 1117(c);

N.      An order granting pre-judgement interest on any recovery by BFG; and

O.      Granting BFG such other and further relief as is just and proper.

DATED: June 20, 2023                    Respectfully Submitted,


By: _/s/ Justin Charles Ward_____
Justin Charles Ward (GA Bar No. 746408)

**Blue Force Gear, Inc.**
166 Pine Barren Road
Pooler, GA 31322
Telephone: (912) 667-6946
EMAIL: justin@blueforcegear.com

Michael Patrick (*Pro Hac Vice* forthcoming) NY
Bar No. 4331112
Email: michael.patrick@gmlaw.com
Telephone: (212) 524-5041
Michael Marron (*Pro Hac Vice* forthcoming)
NY Bar No. 5146352
Email: michael.marron@gmlaw.com
Telephone: 212-501-7673
**GREENSPOON MARDER, LLP**
590 Madison Avenue, Suite 1800 New
York, NY 10022

Monifa Hall (*Pro Hac Vic*e forthcoming) FL.
Bar No. 1018572
**GREENSPOON MARDER, LLP**
600 Brickell Ave., Suite 3600
Miami FL 33131
Tel: (305)789-2721
Email: monifa.hall@gmlaw.com

*Attorneys for Plaintiff*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing <u>Complaint</u> has been furnished electronically on June 20, 2023 with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.


By: <u>/s/Justin Charles Ward</u>
Justin Charles Ward