UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BLUE FORCE GEAR, INC., a Georgia Corporation,

        Plaintiff,

v.

CONCEALED CARRIER, LLC d/b/a TACTICON ARMAMENT, a California Limited Liability Company, and JACOB DINES, Individually,

        Defendants,

CONCEALED CARRIER, LLC d/b/a TACTICON ARMAMENT, a California Limited Liability Company, and JACOB DINES, Individually,

        Counter Claimants,

BLUE FORCE GEAR, INC., a Georgia Corporation,

        Counter Defendant.
_____/

Case No. 4:23-cv-00055-WTM-CLR

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff and Counter Defendant Blue Force Gear, Inc. ("BFG"), by and through the undersigned counsel and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby files this Motion for Leave to File an Amended Complaint and states:

**I.**

**Introduction**

This Motion is proper because it not only preserves judicial economy but is also consistent with what is required by justice. Namely, the relief sought by Plaintiff would allow for Plaintiff to allege important facts related to its extensive use and enforcement of its federally registered trademark (U.S. Federal Trademark Reg. No. 5797066) at issue in this case. Plaintiff's requested relief arises from information that was recently obtained and confirmed by Plaintiff's own investigation into its history of use and enforcement of U.S. Federal Trademark Reg. No. 5797066 (the "'066 Trademark"). Specifically, in their Answer and Counterclaims (D.E. 18), Defendants Concealed Carrier LLC d/b/a Tacticon Armament ("Tacticon Armament") and Jacob Dines (collectively, "Tacticon" or "Defendants") argue that BFG's claims are barred in whole or in part based on the doctrine of unclean hands. Defendants allege that "BFG knew its mark was merely descriptive, generic, and/or used as mere decoration, but nonetheless sought to register that mark and assert it against Tacticon." (D.E. 18). As such, a material issue in this case is Plaintiff's use of the '066 Trademark. Accordingly, it would be just for these additional facts to be added in this matter. Thus, Plaintiff's requested relief should be granted.

**II.**

**Factual Background**

Plaintiff BFG initiated this action when it filed its Complaint (D.E. 1) on March 2, 2023, seeking monetary and equitable relief, and costs, expenses and attorney's fees for Defendants unlawful use, misappropriation, and infringement of BFG's '066 Trademark. BFG is a leading manufacturer, designer, and innovator of high-quality, high-performance tactical gear, products, and accessories, including a robust, and well-known, line of medical and first-aid-related gear and

products, e.g., trauma kits, medical kits, first-aid kits, and other similar items. *Id* at ¶ 13. Among its intellectual properties, BFG is the sole and exclusive owner of the '066 Trademark for a distinctive stylized cross trademark which it has used in commerce since at least as early as 2014. *Id* at ¶ 15. The '066 Trademark is used in connection with BFG's medical-related gear and products, such as its MICRO TRAUMA KIT. *Id* at ¶ 18. Defendant Tacticon sources, manufactures, markets, and/or sells a variety of products, including medical kits, first-aid kits and/or trauma kits, such as its IFAK V1 Bag. *Id* at ¶ 19. The IFAK V1 Bag, along with other similar products, use and incorporate a virtually identical exact copy of the '066 Trademark in direct contravention to BFG's long-standing and well-known rights in and to the '066 Trademark. *Id* at ¶ 20.

In Response to BFG's initial Complaint, Defendants filed an Answer and Counterclaims (D.E. 18) on May 19, 2023, raising two Affirmative Defenses against BFG. Tacticon argues that BFG's claims are barred in whole or in part based on the doctrine of unclean hands. (D.E. 18). Tacticon claims that BFG knew its mark was merely descriptive, generic, and/or used as mere decoration, but nonetheless sought to register that mark and assert it against Tacticon. Plaintiff has recently uncovered new facts and information further supporting that these allegations against it made by Defendants are false. BFG has additional information beyond its initial Complaint that illustrate its extensive use and enforcement of its trademark for nearly the last decade. BFG files this Motion so that it may present these facts that are central to a material issue in this case.

### III.

### Memorandum of Law

Under the Federal Rules of Civil Procedure, when a party seeks leave from the court to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ.

P. 15(a)(2). Rule 15's liberal policy of permitting amendments to facilitate determination of claims on the merits requires that motions to amend be granted unless a "substantial reason exists" to deny leave. *Brinson v. Providence Community Corrections*, Case No. 2:15-CV-99, 2018 WL 4059379, at *4 (S.D. Ga. 2018) (citing *Shipner v. E. Air Lines, Inc.*, 868 F. 2d 401, 407 (11th Cir. 1989); *see also O'Kelley v. Warden, Georgia Diagnostic Prison*, Case No. 4:15-CV-104, 2020 WL 2772769, at *6 (S.D. Ga. 2020) (citing *Sallie v. Chatman*, Case No. 5:11-CV-75, 2014 WL 3509732, at *2 (M.D. Ga. 2014). As stated by the Supreme Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as this rule requires, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Further, in asking for leave to file its Amended Complaint, Plaintiff does so in good faith and not for any of the reasons that would justify denial of such relief, as listed by the *Foman* Court. First, it cannot be argued that this Motion is seeking to cause undue delay because this matter is very much in its infancy as Defendants just filed their Answer to Plaintiff's original Complaint last month. Second, this Motion is certainly not motivated by bad faith or dilatory motive but is instead simply an attempt to promptly and correctly include all the necessary facts that conform to the evidence so that this matter may be adequately determined. Third, this Motion does not constitute a "repeated failure to cure deficiencies by amendments previously allowed" since this

is the first time Plaintiff has sought leave to amend a pleading. And, finally, this Motion does not cause undue prejudice to Defendants.

Indeed, justice requires that the additional facts be added to Plaintiff's Complaint as they conform to the evidence and are material to Plaintiff's claims and Defendants' affirmative defenses. As such, Plaintiff's Motion should be granted so that it may file an Amended Complaint.

## IV.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant it leave to file its Amended Complaint.

WHEREFORE, BFG respectfully requests that this Honorable Court enter an Order granting it leave to file its Amended Complaint.

Dated: June 30, 2023

                                        Respectfully submitted,

                                      By: /s/ *Brian F. Hansen*
                                              Brian F. Hansen
                                              GA Bar No. 323785
                                              **GREENSPOON MARDER, LLP**
                                              1230 Peachtree Street NE, Suite 1900
                                              Atlanta, GA 30309
                                              Tel: (470) 466-1708
                                              Primary Email: brian.hansen@gmlaw.com
                                              Secondary Email: yillian.sarmiento@gmlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing <u>Motion for Leave to File Amended Complaint</u> has been furnished electronically on June 30, 2023 with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via e-mail.

                                              By: <u>/s/*Brian F. Hansen*</u>
                                                      Brian F. Hansen