## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

BLUE FORCE GEAR, INC., a Georgia Corporation,

      Plaintiff,

  v.

CONCEALED CARRIER, LLC d/b/a TACTICON ARMAMENT, a California Limited Liability Company, and JACOB DINES, Individually,

      Defendants.

Case No. 4:23-cv-00055-WTM-CLR

_____/

## **RULE 26(f) REPORT**

1.    Date of Rule 26(f) conference: July 24, 2023

2.    Parties or counsel who participate in conference:

   Justin Ward and Robert Ward for the Plaintiff; Charles H. Hooker III and Bethany R. Nelson for the Defendants.

3.    If any defendant has yet to be served, please identify the defendant and state when service is expected.

   Defendants have been served.

4.    Date the Rule 26(a)(1) disclosures were made or will be made: By August 7, 2023.

5.    If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

   (a)    Identify the party or parties making the objection or proposal:

         The parties agree to comply with Rule 26(a)(1), which requires disclosure within 14 days of the 26(f) conference, which took place on July 24, 2023.

(b) Specify the objection or proposal:  None.

6. The local rules provide a 140-day period for discovery.  If any party is requesting additional time for discovery,

   (a) Identify the party or parties requesting additional time:

   Both parties agree that discovery should be bifurcated into fact and expert discovery to occur sequentially and request a six (6) month fact discovery period. The parties' proposed schedule follows below. This is a trademark case, in which the plaintiff Blue Force Gear has also filed a motion to file an Amended Complaint to join trade dress issues, which the defendant, Concealed Carrier has opposed. Such cases invariably require expert testimony that will be based on information, data, and testimony elicited during fact discovery. Thus, it would be inefficient for fact and expert discovery to run concurrently. Moreover, it is customary in a trademark case for expert discovery to follow fact discovery. The parties also expect this case to consist of complex questions of fact and law, including whether plaintiff owns protectable rights, whether defendant has infringed any such rights, and any injury caused thereby. These issues require assessing, among other things, secondary meaning factors, and the likelihood of confusion factors, as well as damages and profits considerations.

   (b) State the number of months the parties are requesting for discovery: 9 months (6 months for fact discovery, 3 months for expert discovery)

| | |
|---|---|
| Completion of Fact Discovery: | January 26, 2024 |
| Initial Expert Reports from Party bearing burden of proof to be served by: | February 23, 2024 |
| Rebuttal Report or Initial Expert Reports from Party not bearing burden of proof to be served by: | March 22, 2024 |
| Completion of Expert Discovery: | April 12, 2024 |
| Dispositive Motions and *Daubert* Motions filed by: | May 24, 2024 |

   (c) Identify the reason(s) for requesting additional time for discovery:

   _____ Unusually large number of parties

          __X__ Unusually large number of claims or defenses

          __X__ Unusually large number of witnesses

          __X__ Exceptionally complex factual issues

          _____ Need for discovery outside the United States

          _____ Other: *See* above

(d) Please provide a brief statement in support of each of the reasons identified above:

This case involves several federal and state law causes of action, including claims based on common law and registered trademark rights. The plaintiff Blue Force Gear has filed a motion to file an Amended Complaint to join trade dress issues, which the defendant, Concealed Carrier, has opposed. Proving trademark and/or trade dress rights and infringement requires assessing several multi-factor tests, thus necessitating discovery into various aspects of a company's operations, marketing practices, sales, and related consumer behavior. Therefore, discovery will likely require numerous depositions, including witnesses knowledgeable about each company's general operations, customer complaints, competitors, and marketing and promotional efforts, among other aspects of operations. In addition, Defendants have counterclaimed and asserted affirmative defenses. Accordingly, discovery and burdens of proof flow in both directions depending on the issue, thus increasing the amount of anticipated discovery. Given the complexities of discovery and the expectation of expert witnesses, the parties need additional time to analyze all of the evidence and to prepare dispositive and *Daubert* motions.

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a) Identify the party or parties requesting such limits:

    Both parties agree to bifurcated fact and expert discovery as outline above.

    (b) State the nature of any proposed limits:

    None

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

3

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

    (a)    Identify the party or parties requesting the modification:

        <u>Both parties jointly agree and request deviation, as outlined above.</u>

    (b)    State which deadline should be modified and the reason supporting the request:

        <u>*See* proposed schedule and reasoning above.</u>

9.    If the case involves electronic discovery,

    (a)    State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

        <u>The parties intend to enter into a separate ESI agreement that they will submit to the Court. They are working on that agreement and will file it with the Court as soon as possible. At this time, the parties have not reached an agreement, but agree that the agreement will cover the format and manner of ESI production.</u>

    (b)    Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

4

The parties will notify the Court if they are unable to reach an agreement. At this time the parties intend to enter into an ESI agreement and do not anticipate any issues in doing so.

10. If the case is known to involve claims of privilege or protection of trial preparation material,

   (a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

   The parties agree to furnish privilege logs at the end of discovery providing all information required by the Federal Rules, the specifics of which will be contained within the parties ESI agreement that they are negotiating. The parties further anticipate filing a stipulated protective order for entry by the Court to govern the production of confidential documents, testimony, and materials.

   (b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters)

   The parties agree that an inadvertent disclosure of privileged material shall not be deemed a waiver of any privilege. If the disclosing party asserts that any material produced is privileged or otherwise protected from production, the material at issue shall be promptly returned to the producing party and the issue of whether the requesting party may obtain production of or use information from the material at issue may be raised with the Court. Material claimed by a producing party to have been inadvertently produced and then returned to the producing party may not be introduced into evidence or otherwise used by the requesting party, except in connection with a motion to compel production of such materials, without further order of the Court. This procedure will be included in the parties' anticipated proposed protective order that they will be filing.

   (c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

   None at this time.

11. State any other matters the Court should include in its scheduling order:

    The parties note that a motion to amend the complaint is pending. The parties respectfully request leave to reserve their rights to move the Court for an adjustment to the discovery schedule pending the outcome of that motion and the timing of the Court's ruling on it.

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

    No specific issues regarding settlement were identified by the parties. The parties continue to discuss settlement and anticipate continuing to discuss it throughout the pendency of this case.

This 7th day of August, 2023.

Signed:     */s/ Robert M. Ward*
                                             *Attorney for Plaintiff*

                             */s/ Charles H. Hooker III*
                                            *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2023, I caused a true and correct copy of the foregoing Rule 26(f) Report to be served on counsel of record for the Plaintiff by causing this Report to be filed using the Court's electronic filing system.

/s/ *Charles H. Hooker III*
Charles H. Hooker III
Attorney for Defendants